Matter of Casamento v Rochester-Genesee Regional Transp. Auth. (2019 NY Slip Op 08901)





Matter of Casamento v Rochester-Genesee Regional Transp. Auth.


2019 NY Slip Op 08901


Decided on December 12, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 12, 2019

527962

[*1]In the Matter of the Claim of Philip Casamento, Claimant,
v
Rochester-Genesee Regional Transportation Authority et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date: October 7, 2019

Before: Garry, P.J., Lynch, Mulvey and Devine, JJ.


Hamberger & Weiss, Rochester (Stephen P. Wyder Jr. of counsel), for appellants.
Letitia James, Attorney General, New York City (Nina M. Sas of counsel), for respondent.



Lynch, J.
Appeals from a decision and an amended decision of the Workers' Compensation Board, filed June 29, 2017 and May 25, 2018, which, among other things, ruled that the self-insured employer failed to comply with 12 NYCRR 300.13 (b) (1) and denied review of a decision by the Workers' Compensation Law Judge.
In March 2015, claimant sustained injuries to various parts of his body as a result of working as a bus driver for the self-insured employer. He filed a claim for workers' compensation benefits and his claim was established for an occupational disease of the neck, lower back, bilateral wrists and elbows. Further proceedings were conducted in claimant's case during which the issues of a further causally-related disability, labor market attachment, voluntary withdrawal and Workers' Compensation Law § 114-a were raised. In November 2016, a Workers' Compensation Law Judge (hereinafter WCLJ) issued a reserved decision finding, among other things, that claimant had a further causally-related disability, did not voluntarily withdraw from the labor market and did not violate Workers' Compensation Law § 114-a, and made awards accordingly.
Thereafter, counsel for the employer submitted an application for review (form RB-89) of the WCLJ's decision by the Workers' Compensation Board. In support thereof, counsel attached to the application a 12-page brief, which was in excess of the eight-page limit set forth in the Board's regulations (see 12 NYCRR 300.13 [b] [1] [i]). On the cover page, counsel acknowledged that, although the brief exceeded eight pages, "given the multiple outstanding issues being addressed, the nature of the outstanding issues, the testimony from multiple lay and medical witnesses, and the substantial number of documents in the record relevant to the issues at hand, . . . more than [eight] pages are necessary to adequately address all of the outstanding issues." The Board panel found that the employer failed to comply with the requirements of 12 NYCRR 300.13 (b) (1) (i) and denied the application. In response, the employer submitted an application for discretionary full Board review of the decision. The Board panel issued an amended decision denying the application on the basis that the employer failed to comply with the formatting requirements of 12 NYCRR 300.13 (b) (1) (i) and did not provide a sufficient excuse for such failure. The Board panel then upheld the denial of the employer's application for review of the WCLJ's decision and ruled that such decision remained in effect. The employer appeals from the decision and the amended decision.[FN1]
For the reasons stated in Matter of Daniels v City of Rochester (___ AD3d ___ [decided herewith]), the amended decision must be reversed and the matter remitted to the Board for further proceedings.
Garry, P.J., Mulvey and Devine, JJ., concur.
ORDERED that the appeal from the decision is dismissed, as moot, without costs.
ORDERED that the amended decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: "Because the Board's amended decision superceded the earlier decision, the appeal from the earlier decision is moot and must be dismissed" (Matter of Rosa v June Elec. Corp., 140 AD3d 1353, 1355 n 2 [2016] [citations omitted], lv denied 28 NY3d 910 [2016]).